**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
NORTHERN DISTRICT OF ILLINOIS

Case number (if known): _____   Chapter  7

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | PHI Holdings LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-2555932 |
| 4. | Debtor's address | **Principal place of business**<br><br>1623 N. Milwaukee<br>Chicago, IL 60647<br>Number, Street, City, State & ZIP Code<br><br>Cook<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.porkandmindys.com |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

Debtor  **PHI Holdings LLC**                                                                    Case number (*if known*)
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   5812

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

■ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | When | Case number, if known | |

Debtor **PHI Holdings LLC** _____ Case number (if known) _____
　　　　Name

**11. Why is the case filed in this district?**
Check all that apply:
- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)
- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

Where is the property? _____
　　Number, Street, City, State & ZIP Code

Is the property insured?
- ☐ No
- ☐ Yes. Insurance agency _____
　　Contact name _____
　　Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**
Check one:
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
- ☐ 1-49
- ■ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____   Chapter   7

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **November 5, 2019**
              MM / DD / YYYY

X _/s/ Kevin Corsello_    **Kevin Corsello**
Signature of authorized representative of debtor    Printed name

Title   **Manager**

**18. Signature of attorney**

X _____    Date **November 5, 2019**
Signature of attorney for debtor              MM / DD / YYYY

**Steven R. Jakubowski**
Printed name

**Robbins, Salomon & Patt, Ltd**
Firm name

**180 N. LaSalle St**
**STE: 3300**
**Chicago, IL 60601-2808**
Number, Street, City, State & ZIP Code

Contact phone   **312-782-9000**    Email address   **sjakubowski@rsplaw.com**

**6191960 IL**
Bar number and State

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known)     Chapter  7 |
| ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **November 5, 2019**
MM / DD / YYYY

X _____   **Kevin Corsello**
Signature of authorized representative of debtor    Printed name

Title   **Manager**

**18. Signature of attorney**

X /s/ Steven R. Jakubowski                Date **November 5, 2019**
Signature of attorney for debtor                      MM / DD / YYYY

**Steven R. Jakubowski**
Printed name

**Robbins, Salomon & Patt, Ltd**
Firm name

**180 N. LaSalle St
STE: 3300
Chicago, IL 60601-2808**
Number, Street, City, State & ZIP Code

Contact phone  **312-782-9000**    Email address  **sjakubowski@rsplaw.com**

**6191960 IL**
Bar number and State

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

# United States Bankruptcy Court
## Northern District of Illinois

In re  **PHI Holdings LLC**  
Debtor(s)

Case No.  
Chapter  **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **PHI Holdings LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**November 5, 2019**  
Date

/s/ **Steven R. Jakubowski**  
**Steven R. Jakubowski**  
Signature of Attorney or Litigant  
Counsel for  **PHI Holdings LLC**  
**Robbins, Salomon & Patt, Ltd**  
**180 N. LaSalle St**  
**STE: 3300**  
**Chicago, IL 60601-2808**  
**312-782-9000 Fax:312-782-6690**  
**sjakubowski@rsplaw.com**

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **PHI Holdings LLC**                                   Case No.
                                    Debtor(s)                  Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 10,000.00 |
   | Prior to the filing of this statement I have received | $ 10,000.00 |
   | Balance Due | $ 0.00 |

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor     ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November 5, 2019**                              /s/ Steven R. Jakubowski
*Date*                                             Steven R. Jakubowski
                                                   *Signature of Attorney*
                                                   **Robbins, Salomon & Patt, Ltd**
                                                   **180 N. LaSalle St**
                                                   **STE: 3300**
                                                   **Chicago, IL 60601-2808**
                                                   **312-782-9000  Fax: 312-782-6690**
                                                   **sjakubowski@rsplaw.com**
                                                   *Name of law firm*

| | | | | |
|---|---|---|---|---|
| Edward C. Abramson | Richard H. Fimoff | Emily C. Kaminski | Stephen P. Patt | Caroline S. Smith |
| Jennifer L. Barton | Andrés J. Gallegos | Andrew W. Lapin | L. Steven Platt | Richard L. Stavins |
| Todd A. Bickel | Richard L. Gayle | Parker E. Lawton | Diana H. Psarras | Fuad Sulayman |
| Vincent T. Borst | Barry Glazer | Zachary J. Levi | David P. Resnick | Christine R. Walsh |
| Marshall K. Brown | Howard S. Golden | James M. Mainzer | Andrew M. Sachs | Robert McKenna Winter |
| William A. Castle, Jr. | R. Kymn Harp | Teresa A. Minnich | Edward S. Salomon | Alan J. Wolf |
| Catherine A. Cooke | Steve Jakubowski | Laurie A. Martin Montplaisir | Jennifer M. Sender | Thomas P. Yardley, Jr. |
| Ariel B. Cutts | Thomas A. Jefson | Eric G. Patt | Donna M. Shaw | |

## ROBBINS, SALOMON & PATT, LTD.
*Attorneys at Law*

November 4, 2019

### ATTORNEY-CLIENT PRIVILEDGED COMMUNICATION

Via email: kevin@porkandmindys.com

PHI Holdings LLC
Attn: Mr. Kevin Corsello, Manager
1623 N. Milwaukee
Chicago, Illinois 60047

    Re:    **Chapter 7 Bankruptcy Filing of PHI Holdings LLC**

Dear Mr. Corsello:

    This letter sets out the terms of our engagement by PHI Holdings LLC ("PHI"), effective as of November 1, 2019, in connection with its contemplated chapter 7 bankruptcy filing (the "Chapter 7 Filing"). Additional terms are contained in the attached statement entitled "General Provisions Regarding Engagements." They are to be considered part of our agreement. To the extent there are any discrepancies, this letter controls.

    **SERVICES.** Our goal is to provide the highest quality legal service on a timely basis. We will provide all legal services reasonably required in connection with the Chapter 7 filing through the filing of the chapter 7 bankruptcy case, including post filing attendance with you at meetings with the chapter 7 bankruptcy trustee and responding to normal inquiries of the chapter 7 bankruptcy trustee. Our services under this agreement do not include representation of PHI in any adversary proceedings or tax matters or of any manager or member in its personal capacity. To the extent you request we represent PHI in connection with additional legal services, RSP will charge our normal and customary fees, in accordance with our prior practice. We will, of course, inform you of all material developments and will consult with you on all significant decisions.

    **PERSONS RESPONSIBLE.** Within RSP, I will be primarily responsible for your matter. There may be occasions when your interests will be best served by involving other attorneys (or paralegals). In these circumstances, however, I will remain your primary contact and will oversee the work of others and will make ourselves available to address any concerns or issues as may arise.

**R|S|P**
www.rsplaw.com

RSP CHICAGO
180 N. LaSalle Street | Ste. 3300 | Chicago, Illinois 60601
General 312.782.9000 | Fax 312.782.6690

RSP GLENVIEW
2222 Chestnut Avenue | Ste. 101 | Glenview, Illinois 60026
General 847.729.7300 | Fax 847.729.7390

PHI Holdings LLC
November 4, 2019
Page 2

Please let me know promptly if any questions arise about the services provided to you by anyone at our firm, so that we can respond appropriately.

**FEES.** Our fees for all legal services to be rendered to you in this matter are Ten Thousand Dollars ($10,000.00), plus filing fees of Three Hundred Thirty-Five Dollars ($335.00). As this matter is being billed on a fixed fee basis no billing statements will be issued and you agree that the fee is earned upon receipt.

**DISPUTE RESOLUTION.** As this matter will be under the exclusive jurisdiction of the United States Bankruptcy Court, all disputes between us must be submitted to the Bankruptcy Court for resolution.

**TERMINATION OF REPRESENTATION.** Unless previously terminated, our representation in this matter will terminate upon the later of the completion of your document production to and meeting with the bankruptcy trustee or our withdrawal as counsel approved by the Bankruptcy Court.

**COMMUNICATION BY EMAIL.** The firm at times communicates with clients through email. The communication may relate to a particular matter or it may provide information about our firm or legal matters that may be of general interest. You agree that the firm can send you this material by electronic mail, among other means. You also agree that we may communicate with you on matters related to this representation by e-mail on an unencrypted basis.

**CLIENT APPROVAL.** If these terms are acceptable, please sign a copy of this letter where indicated and return it with our fee and costs. Until we receive the signed copy and our fee and costs, our representation will not begin, and we will not be obligated to perform any work on your behalf.

I am pleased that you have retained us to represent you and we look forward to working with you. I hope that this letter helps explain the scope of our relationship. I invite you to discuss with me any questions that you may have.

Very truly yours,

ROBBINS, SALOMON & PATT, LTD.

By: *[signature]*
Steve Jakubowski

R S P
RSP
180 N. LaSalle Street | Ste. 3300 | Chicago, Illinois 60601
General 312.782.9000   Fax 312.782.6690

RSP
2222 Chestnut Avenue  Ste. 101 | Glenview, Illinois 60026
General 847.729.7300   Fax 847.729.7390

PHI Holdings LLC
November 4, 2019
Page 3

**APPROVED AND ACCEPTED THIS
4th DAY OF NOVEMBER, 2019**

**PHI HOLDINGS LLC**

*/s/ Kevin Corsello*

By: Kevin Corsello
Its: Manager

Enclosure (General Provisions Regarding Engagements)

R|S|P
www.rsplaw.com

RSP CHICAGO
180 N. LaSalle Street | Ste. 3300 | Chicago, Illinois 60601
General 312.782.9000 | Fax 312.782.6690

RSP GLENVIEW
2222 Chestnut Avenue | Ste. 101 | Glenview, Illinois 60026
General 847.729.7300 | Fax 847.729.7390

**ROBBINS, SALOMON & PATT, LTD.**
**GENERAL PROVISIONS REGARDING ENGAGEMENTS**

Except as modified by the accompanying engagement letter, the following provisions will apply to the relationship between the firm and its clients:

1. **LEGAL SERVICES NOT COVERED.** We will not provide any legal services other than those specified in the engagement letter unless we first consult with you and obtain your authorization.

For example, for matters involving litigation, this agreement does not obligate us to file a notice of appeal or respond to a notice of appeal. In the event you want to retain us to appeal or to respond to an appeal, and we are willing to represent you, we will enter into a new agreement at that time for that purpose. Similarly, unless a new agreement is made, we will also not be required to do any of the following (this list is not all-inclusive and is merely illustrative):

a. Handle any matter except those incidental to and necessarily included with the subject matter addressed in the engagement letter;

b. Provide any services after a matter is disposed of at the trial level;

c. Provide any services after a transaction is closed; or

d. Aid in the enforcement of any judgment or order of a trial court.

2. **EXPECTATIONS.** In order to enable us to effectively render our services, clients are expected to disclose fully and accurately all facts and keep us apprised of all developments relating to the matter. By retaining us, clients agree to cooperate fully and to be available to attend meetings, discovery proceedings and conferences, hearings, and other proceedings.

3. **OUTCOME.** Either at the commencement or during the course of our representation, we may express opinions concerning this engagement and the results that might be anticipated. Since the result of any matter, including litigation, cannot be predicted, however, it is understood that we cannot and do not make any promises or guarantees concerning the outcome of a client's matter. Any such comments are expressions of opinion only, based on information available at the time, and we cannot guaranty their accuracy. They should not be construed by you as a promise or guarantee. Nor should anything in this letter be construed as such a promise or guarantee.

4. **CONFLICTS.** Because we represent numerous clients on a number of matters, we have performed a formal conflicts check within our office. If we proceed, it will be because, based on our initial review, we have found no apparent conflicts. We may also be representing more than one client in this matter. In that regard, we have determined that our multiple representations will not adversely affect our representation, although it is possible that our clients' individual interests may in the future become adverse or otherwise differ. For example, one or more may wish to settle on terms that are not acceptable to the others; one may be offered settlement terms which differ from those offered to the others; subsequent discovery could show that one or another may have claims against one or more of the others.

In any situation, of course, if we become aware of a conflict, we will discuss it with the client and specifically reserve the right to withdraw from any representation if we feel we cannot properly represent a client's interests. Likewise, should we at any time determine that our representation of our client's interests conflicts with our representation or relationship with any other client, we reserve the right, after discussion with the clients but at our sole discretion, to withdraw from the representation of any matter.

You may, of course, wish to consult other counsel about such potential conflicts.

5. **FEES.** Fees for services rendered will be based on the reasonable value of those services as determined in accordance with the Illinois Rules of Professional Conduct. Such fees will be based primarily on hourly billing rates; billing rates differ, depending generally on the attorney's experience and years of practice, and the firm adjusts these rates from time to time. Time for which a client will be charged will include but will not be limited to telephone and office conferences with a client, other counsel, witnesses, consultants, court personnel, and others; conferences among our legal personnel; factual investigations; legal research; responding to clients' requests to provide information to their auditors; drafting of letters, pleadings, briefs and other documents; negotiating such documents; travel time; waiting time in court; and time in depositions and other discovery proceedings.

In an effort to reduce legal fees, the firm uses legal assistants. Time devoted by legal assistants to client matters (including secretaries doing the work of legal assistants) is charged at hourly billing rates, which also are subject to adjustment from time to time by the firm.

Other factors may be taken into consideration in determining a final fee, including the responsibility assumed, the novelty and difficulty of the legal problem involved, the benefit resulting to the client and any unforeseen circumstances arising in the course of the representation.

It is the firm's policy to request a retainer before rendering legal services to a new client or on a new matter.

6. **DISBURSEMENTS.** In addition to fees, the firm is entitled to payment for disbursements incurred in performing services such as outside photocopying, messenger and delivery service, computerized research and search fees, corporation services, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), long-distance telephone, court costs, and filing fees. Most of these charges represent the firm's out-of-pocket costs. Some of these items include an allocation of overhead costs associated with the particular item and thus are charged at more than the firm's direct costs. Others represent a combination of both out-of-pocket costs and an allocation of overhead. Such charges are adjusted from time to time.

7. **ESTIMATES.** Although the firm may from time to time, for a client's convenience, furnish estimates or budgets of fees or disbursements, these are estimates only and are subject to unforeseen circumstances. By their very nature, they are inexact and should not be considered guarantees of any kind.

8. **BILLING PRACTICES.** Fees and disbursements will be generally billed monthly, i.e., shortly after the close of the month in which the services are rendered. Payment is due within thirty days of receipt of the statement. The firm reserves the right to postpone or defer providing additional services or to discontinue its representation if billed amounts are not paid when due.

Whenever possible, disbursements will be billed directly to the client. When that is not possible, they will be paid by the firm and then submitted to the client for reimbursement.

9. **TERMINATION OF SERVICES.** A client may terminate the firm's services at any time and for any reason whatsoever, upon notice to the firm. Termination of representation does not, however, relieve the client of its obligation to pay the firm's fees and disbursements.

The firm in turn reserves the right to withdraw from its representation if, among other things, the client fails to honor the terms of the engagement letter, the client fails to cooperate or fails to follow the firm's advice on a material matter, or there are any facts that would, in the firm's view, render its continuing representation unlawful or unethical. If the firm elects to withdraw, the client will take all steps necessary to free the firm of any obligation to perform further, including the execution of any documents necessary to complete the withdrawal. The firm will give the client

reasonable notice of its intent to withdraw considering the circumstances of each matter, so that the client has time to arrange alternative representation.

When our services conclude, the firm will have no further legal obligation to perform services in the client's behalf. At that time, the firm will be entitled to all unpaid charges owed for disbursements or work performed prior to the date of withdrawal.

10. **DOCUMENT RETENTION.** During the course of a matter, the client may be required to provide the firm with documents such as tax returns, expense records, bank records, deeds, and so on. If the client does provide the firm with documents, the firm will hold them during the pendency of the matter. At its conclusion, the firm will contact the client to make arrangements for the return of the records. Under most circumstances, documents will not be released to a client unless the client has paid his or her bill or made suitable arrangements for payment.

It is the client's responsibility to secure the return of records. Absent instruction from the client, the firm will retain such records in accordance with its record retention policy. If arrangements are not made for the return of records within ten years following the conclusion of a matter, they will be destroyed. Before destroying them, however, the firm will send notice to the client at the client's last known address.

11. **CHANGES IN LAW.** The law is an evolving process and changes occur from time to time. As a result, once the firm has completed a matter, subsequent changes in the law may affect in whole or in part what was accomplished. The firm cannot, however, continually monitor such changes as they may apply to a particular situation; therefore, the firm must specifically disclaim any duty to do so once it has completed the engagement.

12. **PRIVACY NOTICE.** In accordance with a recent federal law, the firm makes the following disclosure. In the course of providing legal advice and services, we may collect information from the client, information about the client's transactions with the firm or with other parties, or information from a consumer reporting agency.

The ethics rules governing attorneys' conduct impose upon the firm higher standards of confidentiality than those required by the law. Our clients' interactions with the firm are protected by the attorney-client privilege and professional ethical standards requiring confidentiality. All information the firm receives from and about the client is held in complete confidence and will not be disclosed to third parties, except with the client's consent or as may be required by law. Because the firm maintains physical and electronic files concerning its professional services, it implements physical and electronic security measures to protect your privacy and safeguard your confidential information.

13. **VIRUS PROTECTION AND ELECTRONIC COMMUNICATIONS.** During the course of our engagement, we will likely exchange electronic versions of documents and emails with you using commercially available software. Unfortunately, the technology community is occasionally victimized by viruses and similar destructive electronic programs. We take these issues seriously and have therefore invested in software whose purpose is to identify and reject emails, documents, and other attachments containing known viruses.

By utilizing this virus scanning software, our system might occasionally reject a communication that you send to us. Similarly, we in turn might send you something that is rejected by your system. We believe these occurrences will be infrequent and are to be expected within the ordinary course of business.

In addition, we cannot guarantee that our communications and documents will always be free from viruses. Occasionally, a virus might escape and go undetected as it is passed from system to system. Although we believe that our virus protection measures are adequate, we make no warranty that our documents will be virus free at all times.